IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
EASTERN DIVISION

| | | |
|---|---|---|
| JEANNIE MOSS, ET AL., | * | |
| | * | |
| Plaintiffs, | * | |
| | * | |
| vs. | * | No. 2:12CV00204 SWW |
| | * | |
| CRESTPARK DEWITT, LLC, ET AL., | * | |
| | * | |
| Defendants | * | |

**Opinion and Order**

Before the Court is plaintiffs' motion for class certification pursuant to Rule 23 of the Federal Rules of Civil Procedure. Defendants responded to the motion and plaintiffs filed a reply. For the reasons stated below, the motion is denied,

**Background**

Plaintiffs Jeannie Moss and Dominique Smith worked as a certified nursing assistants at defendants' nursing homes in Dewitt, Arkansas, and Helena, Arkansas, respectively.[1] They seek to bring a class action complaint on behalf of all hourly employees at defendants' four nursing homes in Arkansas for pay they did not receive when they worked through their lunch breaks. Plaintiffs assert defendants violated the Fair Labor Standards Act and the Arkansas Minimum Wage Act. They also bring claims for unjust enrichment and promissory estoppel. The Court denied without prejudice plaintiffs' motion for conditional certification of their FLSA claim as a collective action.

**Discussion**

Plaintiffs move to certify the following class:

---

[1] Three other original plaintiffs, who were employed as certified nurse assistants in defendants' Wynne and Forrest City facilities, withdrew from the lawsuit.

> All individuals who were, are, or will be employed by Defendants at their Arkansas facilities located in Dewitt, Wynne, Forrest City, and Helena, who, at any time within the three years prior to filing this Complaint through the date of the final disposition of this action were, are, or will be required to work through their meal breaks without compensation.

Rule 23(a) of the Federal Rules of Civil Procedure lists four criteria for the maintenance of a class: (1) the class is so numerous that joinder of all members is impracticable ("numerosity"); (2) common questions of law and fact exist among potential class members ("commonality"); (3) claims or defenses of the representative parties are typical of the claims or defenses of the class ("typicality"); and (4) the representative parties will fairly and adequately protect the interests of the class ("adequate representation").  In addition to these requirements, a proposed class action must fall into one of three categories provided under Rule 23(b).  Plaintiffs argue their action meets the requirements of 23(a) and 23(b)(3).  Defendants oppose the motion, contending that plaintiffs' claims depend on the resolution of too many individualized issues.

A class action is not appropriate merely because plaintiffs have all purportedly suffered a violation of the same provision of law.  *Wal-Mart Stores, Inc. v. Dukes*, 131 S. Ct. 2541, 2551 (2011).  Plaintiffs' claims "must depend upon a common contention . . . That common contention, moreover, must be of such a nature that it is capable of classwide resolution - which means that determination of its truth or falsity will resolve an issue that is central to the validity of each one of the claims in one stroke."  *Id.*   District courts must engage in a "rigorous analysis" in determining whether the 23(a) factors are satisfied.  *Gen. Tel. Co. v. Falcon*, 457 U.S. 147, 161 (1982).

The Supreme Court has held that "the commonality and typicality requirements of Rule 23(a) tend to merge. *Id.* at 2551 n.5 (quoting *Falcon*, 457 U.S. at 157-58). "Both serve as guideposts for determining whether under the particular circumstances maintenance of a class action is economical and whether the named plaintiff's claim and the class claims are so interrelated that the interests of the class members will be fairly and adequately protected in their absence." *Id*.

Plaintiffs propose a number of questions of law and fact that they believe are common to the proposed class, including whether defendants instituted a policy of deducting 30 minutes from each hourly employee's time despite knowing employees are frequently unable to take a full, uninterrupted lunch break and whether defendants failed to institute a functional reclamation system which would allow hourly employees to receive credit for the breaks through which they worked. Plaintiffs argue answers to these and other questions are based on system-wide policies and will drive the resolution of their claims.

Defendants argue that automatically deducting a meal period is not *per se* illegal as long as the employer provides employees with a method to reclaim the time that they worked during their meal break.[2] Defendants assert that whether or not plaintiffs were aware of the process to reclaim their time and did not take advantage of it are fact issues peculiar and individualized to the plaintiffs and not to a class. For example, although plaintiffs testified they were never told or informed about a procedure to reclaim deducted meal break time, defendants submit evidence that plaintiffs both signed documents, one of which provides: "In the event an emergency arises and

---

[2]Defs.' Br. in Supp. of Resp. to Pls.' Mot. Collective Action (ECF # 28), Ex. 7.

you are unable to take a scheduled 30-minute lunch break, it is your responsibility to have the Supervisor who authorized you missing your lunch break to sign your timecard." [3] The second document, titled "Agreement of Breaks," states: "In the event of emergency arises and you are unable to take your break, it is your responsibility to have the Supervisor who authorized you missing your lunch break to sign your timecard."[4] Plaintiffs Moss and Smith signed these documents on their first day of work. Defendants further point to evidence that a former plaintiff's time reports show she received payment for lunch breaks that she reported were not taken.[5]

Even if plaintiffs could satisfy the requirements of Rule 23(a), the Court finds that plaintiffs fail to meet the predominance requirements of Rule 23(b)(3). Class certification is allowed only if "the court finds that the questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy." Fed.R.Civ.P. 23(b)(3). " The predominance standard requires that common questions predominate over individual questions, and it "tests whether proposed classes are sufficiently cohesive to warrant application by representation." *Amchem Prods., Inc. v. Windsor*, 512 U.S. 591, 623 (1997). The standard for certification imposed by Rule 23(b)(3) is "far more demanding" than the commonality requirement of Rule 23(a). *Id*, at 624.

---

[3] *Id.*, Ex. 5.

[4] *Id*.

[5] *Id*. Exs. 3 and 6 (Dilks Aff. and Time Reports of D. Foreman).

"When deciding whether common issues predominate over individual issues under Rule 23(b)(3), the court should conduct a 'rigorous analysis' including 'an examination of what the parties would be required to prove at trial.'" *In re Zurn Pex Plumbing Prods. Liability Litigation*, 644 F/3d 604, 611 (8th Cir. 2011)(internal citation omitted).

> The nature of the evidence that will suffice to resolve a question determines whether the question is common or individual. If, to make a prima facie showing on a given question, the members of a proposed class will need to present evidence that varies from member to member, then it is an individual question. If the same evidence will suffice for each member to make a prima facie showing, then it becomes a common question.

*Blades v. Monsanto Co.*, 400 F.3d 562, 566 (8th Cir. 2005). In this case, a determination of whether defendants' timekeeping policy violated the AMWA will require individualized, testimonial evidence to establish how often each class member worked through a meal break without compensation and whether the members knew how to reclaim their time. Likewise, plaintiffs' unjust enrichment and promissory estoppel claims will depend on individualized testimony.

To establish liability under a theory of unjust enrichment, a plaintiff must prove that she performed a service which benefitted another party and that the plaintiff had a reasonable expectation of payment. *Adkinson v. Kilgore*, 970 S.W.2d 327, 331 (Ark. App. 1998). The evidence reflects that at least one employee knew how to reclaim her lunch break time. To establish a claim of promissory estoppel would require the consideration of individual evidence regarding reliance. *See Van Dyke v. Glover*, 934 S.W.2d 204, 209 (Ark. 1996).

District courts are afforded broad discretion in determining whether or not to certify a class. *Gilbert v. City of Little Rock*, 722 F.2d 1390, 1399 (8th Cir. 1983). In making that determination, "the question is not whether the plaintiff or plaintiffs have stated a cause of action

or will prevail on the merits, but rather whether the requirements of Rule 23 are met." *Eisen v. Carlisle & Jacquelin*, 417 U.S. 156, 178 (1974)(internal quotation and citation omitted).

The Court finds plaintiffs fail to show that there are common questions that could be resolved on a classwide basis using common proof.

## Conclusion

IT IS THEREFORE ORDERED that plaintiffs' motion for class certification pursuant to Fed.R.Civ.P. 23 [ECF No. 25] is denied.

DATED this 14th day of January 2014.

/s/Susan Webber Wright

UNITED STATES DISTRICT JUDGE